IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WESTERN VIRGINIA REGIONAL**
**EMERGENCY PHYSICIANS, LLC,** *et al.,*

    **Plaintiffs,**

v.                                                             Civil Action No. 3:23cv781

**ANTHEM HEALTH PLANS OF**
**VIRGINIA, INC.,** *d/b/a* **ANTHEM BLUE**
**CROSS BLUE SHIELD IN VIRGINIA,**

    and

**HEALTHKEEPERS, INC.,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs Western Virginia Regional Emergency Physicians, LLC; Lake Spring Emergency Group, LLC; Wildwood Emergency Group, LLC; Ingleside Emergency Group, LLC; and Kingsford Emergency Group, LLC's (collectively, the "ER Groups" or "Plaintiffs") Motion for Attorneys' Fees and Costs pursuant to 28 U.S.C. 1447(c)[1] (the "Motion for Fees" or "Motion"). (ECF No. 28.)[2] Defendants Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross Blue Shield in Virginia and Healthkeepers, Inc. (collectively, "Anthem") responded. (ECF No. 29.) Plaintiffs replied. (ECF No. 30.) Accordingly, the matter is ripe for disposition.

---

[1] That statute states, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny Plaintiffs' Motion for Fees. (ECF No. 28.)

## I. Factual and Procedural Background

### A. Factual Background

Each of the ER Groups contracts with hospitals in Virginia to staff the hospitals' emergency departments with physicians, nurse practitioners, and physician assistants (collectively, "providers"), and coordinates billing for the emergency medical services those providers administer. (ECF No. 1-1 ¶ 21.) "None of the ER Groups has a contract for negotiated rates with Anthem," so their providers remain "out-of-network" with respect to Anthem for the services at issue. (ECF No. 1-1 ¶ 24.)

The law requires the ER Groups to provide emergency medical services to patients regardless of whether the providers were in-network under the patients' health insurance plans. (ECF No. 1-1 ¶ 27.) "From approximately April 1, 2017 through December 31, 2020, and through the present date, the ER Groups' contracted providers have delivered emergency medical [ ] services to thousands of [Anthem-insured patients] throughout Virginia." (ECF No. 1-1 ¶ 25.)

Under Virginia state law, Anthem must provide coverage to its insureds, including for emergency services by out-of-network providers. (ECF No. 1-1 ¶ 30.) Virginia regulations require Anthem to provide "a sufficient network of medical services providers in terms of number, mix of services, specialists, and geographic practice locations to meet those covered persons' health care needs, including for emergency medical services," as well as "a choice of at least two providers of each covered service type located within a 30-minute travel time or a 25-

mile radius." (ECF No. 1-1 ¶ 32 (emphasis omitted).) According to the ER Groups, Anthem failed to establish a sufficient network of contracted providers to its members, so Anthem "had actual and constructive knowledge" that its members would need to seek out-of-network emergency care and in fact caused its members to seek such care, including from facilities staffed by the ER Groups' providers. (ECF No. 1-1 ¶¶ 33–35.)

The ER Groups alleged that "Anthem has unilaterally established grossly inadequate rates of compensation." (ECF No. 1-1 ¶ 47.) Further, they asserted that Anthem compounded the problem of underpayment by reimbursing out-of-network payments directly to insured patients, thereby inflicting collection burdens and deficiencies on providers and unnecessary administration burdens on patients. (ECF No. 1-1 ¶ 48.) The ER Groups averred that Anthem designed this approach to pressure providers to enter into in-network agreements at below-market rates. (ECF No. 1-1 ¶ 49.)

### B. Procedural Background

On August 19, 2021, the ER Groups brought this three-count Amended Complaint in the Circuit Court for the City of Richmond. (ECF No. 1-1.) On March 17, 2022, prior to removal, the state court dismissed with prejudice two of the three counts in the ER Groups' Amended Complaint—specifically, the claims of tortious interference and unjust enrichment. (ECF No. 1-2, at 2.) Thus, only Count III, quantum meruit, remained. (See ECF No. 1-2, at 2.)

In their sole remaining count, Count III, the ER Groups asserted entitlement to restitution under a *quantum meruit* theory because: (1) they provided valuable emergency medical services to Anthem insureds, for which Anthem must provide coverage under Virginia law and/or its insurance plans, (ECF No. 1-1 ¶ 67); (2) Anthem knew that the providers would provide and did provide emergency medical services to its insureds, and knowingly and voluntarily acquiesced in

3

those services, (ECF No. 1-1 ¶ 68); (3) Anthem knew that the ER Groups expected compensation for their services at the fair market value, the ER Groups billed Anthem for these services, and Anthem made "partial, yet grossly inadequate payments," (ECF No. 1-1 ¶ 69); and, (4) "[i]t would be inequitable and unjust for Anthem not to pay the ER Groups for the full reasonable value of emergency medical services." (ECF No. 1-1 ¶ 70.)

On November 17, 2023, Anthem filed its Notice of Removal. (ECF No. 1.) On December 18, 2023, Plaintiffs filed their Motion to Remand, which Anthem responded to on January 12, 2024. (ECF Nos. 5, 16.) On January 29, 2024, Plaintiffs replied. (ECF No. 25.) On July 22, 2024, the Court granted Plaintiffs' Motion to Remand and remanded the action to the Circuit Court for the City of Richmond. (ECF No. 27.)

On August 5, 2024, Plaintiffs filed a Motion for Attorneys' Fees and Costs to recover the fees and costs "that Plaintiffs incurred in obtaining a remand of this case." (ECF No. 28, at 1.) On August 18, 2024, Defendants responded. (ECF No. 29.) On August 26, 2024, Plaintiffs replied. (ECF No. 30.) Accordingly, the matter is ripe for disposition.

## II. Legal Standard

### A. Award of Attorneys' Fees on Remand

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award attorney's fees lies within the court's discretion, but the court must be guided by the "reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be

denied." *Id.* at 141. Unusual circumstances may include the non-removing party's "delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Id.* Even when a Court finds that there was no objectively reasonable basis for removal, it may exercise its discretion and decline to award attorneys' fees. *See, e.g., Cnty. of Chesterfield, Va. v. Lane*, No. 3:18cv354 (MHL), 2018 WL 6729800, at *6–7 (E.D. Va. Dec. 21, 2018) (declining to award attorneys' fees in the interest of judicial expediency even though defendants lacked objectively reasonable basis for removal).

### III. Analysis

#### A. Plaintiffs did not Waive Their Right to Seek Attorneys' Fees

Anthem contends that Plaintiffs "failed to present or preserve" its argument of entitlement to attorneys' fees. (ECF No. 29, at 1.) In its Memorandum of Law in Support of Motion to Remand, the ER Groups "reserve[d] the right upon remand to seek an award of reasonable attorneys' fees associated with preparing the present motion pursuant to 28 U.S.C. § 1447(c)." (ECF No. 6, at 11, n.5.) In its Opposition to Plaintiffs' Motion to Remand, Anthem elected to respond substantively—notwithstanding the fact that Plaintiffs had not yet moved for attorneys' fees—arguing that "Plaintiffs are not entitled to an award of attorneys' fees or costs arising from this removal, even if the Court determines that this case should be remanded" because "Anthem had an objectively reasonable basis for seeking removal to this Court, and Anthem has not removed this matter in bad faith." (ECF No. 16, at 21–22.) Anthem claims that Plaintiffs waived their right to seek attorneys' fees because "[o]n Reply, Plaintiffs did not address Anthem's arguments and failed to specifically request their fees or costs following remand." (ECF No. 29, at 5.)

28 U.S.C. § 1447(c) states, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While some plaintiffs request attorneys' fees concurrently with their request to remand, *see e.g., Cnty. of Chesterfield, Va.*, 2018 WL 6729800, at *3; *Richardson v. Sch. Bd. of the City of Richmond*, No. 3:15cv478 (REP), 2016 WL 206316, at *1–3 (E.D. Va. Jan. 15, 2016), nothing mandates that approach. Parties often defer seeking attorneys' fees until after a district court has granted remand. *See, e.g., Smiley v. Forcepoint Fed. LLC*, No. 3:18-cv-60 (JAG), 2018 WL 3631885, at *1 (E.D. Va. July 31, 2018) ("The Court then remanded, and the plaintiff moved for attorneys' fees for the costs of filing the motion to remand and the motion for attorneys' fees."); *Miller v. Baker*, No. 5:09cv00094, 2010 WL 3585423, at *1 (W.D. Va. Sept. 9, 2010) (stating that "the court granted [plaintiff's] motion to remand the case" and that "[t]his matter is currently before the court on [plaintiff's] motion for attorney's fees"). Indeed, Courts often recognize the common practice of moving separately for fees. *See Branch Banking & Trust Co. v. Lochner*, No. 1:09cv407 (JCC), 2009 WL 1617955, at *3 (E.D. Va. June 9, 2009) ("The award of attorney's fees pursuant to § 1447(c) is collateral to the Court's decision to remand; thus, the Court retains jurisdiction, even after the case is remanded, solely to entertain Plaintiff's motion for attorney's fees and costs.") (citations omitted).

Here, Plaintiffs chose to move for attorneys' fees after the Court granted remand to the Richmond Circuit Court. In their Motion to Remand, Plaintiffs already had notified Defendants and the Court of their intention "to seek an award of reasonable attorneys' fees" should remand be granted. (*See* ECF No. 6, at 11, n.5.) They did not move for attorneys' fees simultaneously. (*See* ECF No. 6, at 11, n.5.) Anthem's election to devote a section of its Opposition brief to

6

arguing that Plaintiffs would not be entitled to attorneys' fees "even if the Court determines that this case should be remanded", (ECF No. 16, at 21), did not create an obligation for Plaintiffs to respond to those arguments in their Reply Brief on their Motion for Remand at the risk of forfeiting arguments related to attorneys' fees.

Anthem's reliance on *Madhi v. Stirling* to support its contention that the ER Groups waived their ability to move for attorneys' fees is inapt. True enough, as a general proposition, failing to respond to an argument constitutes waiver. *See Madhi v. Stirling*, 20 F.4th 846, 905 (4th Cir. 2021) (noting in a death penalty habeas corpus case that the failure to address an argument in reply briefing ordinarily results in waiver). However, a party does not waive its ability to seek attorneys' fees by electing not to seek them in a motion to remand. Nor must a plaintiff devote part of its reply brief in a motion to remand to address the defendant's argument that attorneys' fees—not yet sought—should not be awarded. As a result, the ER Groups did not waive their right to seek attorneys' fees.

### B. The Court will Decline to Award Attorneys' Fees because Anthem did not Lack an Objectively Reasonable Basis for Seeking Removal

The ER Groups request attorneys' fees, observing that "Defendants' removal of this 'rate-of-payment' case was objectively procedurally and substantively unsupportable" and "delayed the resolution of this matter[.]" (ECF No. 28, at 1–2.) On July 22, 2024, the Court remanded this case. As identified earlier, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" if it finds that the Defendants "lacked an objectively reasonable basis for seeking removal." *See* 28 U.S.C. § 1447(c); *Martin*, 546 U.S. at 141.

1. **Timeliness of Removal Action**

Plaintiffs first argue that the Court should award attorneys' fees because Anthem's "removal of this case . . . was objectively untimely and unreasonable." (ECF No. 28, at 5.) In its Opinion granting Plaintiffs' Motion to Remand, the Court noted that it "need not address the issue of timeliness of removal" "[b]ecause the Court will grant the Motion on the merits[.]" (ECF No. 26, at 9, n.5.) Assuming without deciding that Anthem's removal of the case was untimely, the Court declines to grant attorneys' fees on this ground.

In its briefing on the Motion to Remand, the ER Groups claim that Anthem "had unequivocally clear and certain notice by no later than August 6, 2023" that the case was removable. (ECF No. 25, at 13.) However, the set of claims the ER Groups provided to Anthem on August 6, 2023, contained numerous[3] claims that the ER Groups concede "were not relevant to this case". (ECF No. 25, at 14.) Even if the Court were to credit the ER Group's argument that Anthem "had all necessary information to make their removal determination by August 6, 2023," (ECF 25, at 14), the claims at issue were "muddled among" a host of irrelevant claims. *Richardson*, 2016 WL 206316, at *3–4 (declining to award fees after ordering remand when defendant untimely removed case because although there was a federal claim in the complaint, it was "muddled among allegations of violations of state grievance procedures"). Therefore, the Court declines to award attorneys' fees on the basis that Anthem's removal was untimely.

2. **Anthem's Removal was Not Objectively Unreasonable or Frivolous**

Plaintiffs next argue that the Court should award attorneys' fees because "Anthem['s] grounds for removal were not even plausible much less objectively reasonable", (ECF No. 28, at

---

[3] According to a declaration which Defendant attached to its Opposition to Plaintiffs' Motion to Remand, the August 6, 2023 Spreadsheet "identified 61,815 claims, nearly half of which related to members of insurers other than Anthem." (ECF No. 16-1 ¶ 5.)

8

7), in light of the Court's finding that "the weight of the case law suggests that out-of-network providers asserting rate-of-payment claims, such as the ER Groups here, lack standing to sue under ERISA § 502(a)", (ECF No. 26, at 14). Plaintiffs contend that "the claims file[d] made explicitly clear that this case involves only a 'rate-of-payment' challenge under a *quantum meruit* theory and did not assert any claims based on assignments of rights from patients or claims that otherwise require consideration of the terms of health plans[.]" (ECF No. 28, at 6.) But at least one United States District Court case found sufficient indicia of ERISA standing based on the existence of assignment and the fact that the plaintiff had previously asserted claims on behalf of insureds. *See Kearney v. Blue Cross and Blue Shield of North Carolina*, 233 F.Supp.3d 496, 503 (M.D.N.C. 2017). Also, no controlling authority foreclosed Anthem's argument that Plaintiffs had standing to sue under ERISA because of the existence of assignment.

Finally, Plaintiffs assert that Anthem's removal was objectively unreasonable and frivolous because it was based on the "false position . . . that 'Anthem determined that some of the health benefit claims were completely denied, and did not involve a partial payment.'" (ECF No. 28, at 3 (citing ECF No. 1 ¶ 24).) Anthem disputes that its position was frivolous and provides a declaration in which its counsel "provide[s] an explanation for the link between the claims Plaintiffs submitted and the basis for removal under ERISA." (ECF No. 29, at 3.) Based on the assertions of counsel, (*see* ECF No. 16-1), the Court does not find that Anthem "took a factually frivolous position." (ECF No. 28, at 3.)

Therefore, the Court concludes that Anthem did not "lack an objectively reasonable basis for seeking removal", *Martin*, 546 U.S. at 141, and rejects Plaintiffs argument that the Court should award fees on this basis.

9

## IV. Conclusion

For the reasons articulated above, the Court will DENY Plaintiffs' Motion for Fees. (ECF No. 28.)

An appropriate Order shall issue.

Date: 10/4/2024
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge

10